■ In the Matter of the Claim of RUTH A. WOOD, Appellant, v. COLONIAL TAVERN & RESTAURANT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying benefits on the grounds that no industrial accident had been established. Claimant, a cook, testified that on November 27, 1958 she felt pain and soreness in her left foot and, on removing her shoe, saw blood at the bottom of her left big toe. After pulling her shoe back on the pain persisted and on again removing her shoe she discovered a uniform button catch in the shoe. Claimant's contention is that the injury to her foot caused by this button catch, even though intensified by a pre-existing diabetes mellitus condition, constituted an industrial accident. It is clear that the board in characterizing the claim as "an afterthought" did not choose to accept claimant's version as to how the injury to her foot arose. We find that on the present record this determination was clearly within the fact-finding power of the board. As stated in *Matter of Finn* v. *Merritt, Chapman & Scott* (20 A D 2d 731, 732), a case analogous to, but by no means as clear as, the instant case: "While the existence of the underlying diabetic condition is not dispositive (*Matter of Walters* v. *U. S. Vitamin Corp.*, 11 A D 2d 280, affd. 10 N Y 2d 924; *Matter of Sliwinski* v. *Sacred Heart R. C. Church*, 1 A D 2d 856), nevertheless, the burden of proof was on the claimant to establish that there was an accidental injury connected with employment (*Matter of Rothschild* v. *Flatbush Jewish Center*, 18 A D 2d 1045). Questions of credibility are, of course, within the province of the board. ' The board was not bound as a matter of law to accept claimant's testimony and by rejecting his testimony "denuded the record of proof connecting the accident with the employment."' (*Matter of Scarpullo* v. *Alba Barber Shop*, 18 A D 2d 1122.) 'The disbelief by the board of an assertion of this kind is not an absence of substantial evidence in support of a negative finding.' (*Matter of Rothschild* v. *Flatbush Jewish Center, supra*, p. 1045.)" Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.